62891. MYNATT v. TOM WASHBURN & ASSOCIATES, INC.
— CENTURY 21.

SHULMAN, Presiding Judge.

Appellant gave appellee an exclusive listing contract to find a purchaser for appellant's real estate. Subsequently, appellant agreed to sell the property to a purchaser procured by appellee. However, at the closing appellant refused to consummate the sale. In appellee's suit for its commission, a jury returned a verdict for appellee. This appeal is from the judgment entered on that verdict.

1. Appellant has enumerated as error the trial court's denial of his motion for directed verdict which was made at the close of appellee's case and renewed at the close of all the evidence. The motion was based on a contention that the sales contract appellant executed was not established by proof since there was no evidence that appellee had written authority to sign the contract on behalf of the purchaser. Therefore, appellant argued, the contract was invalid and appellee failed to prove it earned its commission.

Our review of the record convinces us that the trial court was correct in its denial of the directed verdict. The evidence showed that appellee produced a purchaser ready, able and willing to purchase on terms agreeable to appellant and that the consummation of the sale was prevented only by appellant's refusal to complete the closing. Such an action by a seller cannot defeat the broker's right to a commission. *Hope v. DeForest Realty, Inc.,* 144 Ga. App. 269 (2) (241 SE2d 49). Since there was sufficient evidence to show that appellee had met the requirements listed in Code Ann. § 4-213, the trial court was correct in refusing to direct a verdict for appellant.

2. Appellant's attorney proffered his own testimony at trial concerning a letter from the purchaser to appellee's attorney. Counsel wished to testify from his recollection of that letter that the purchaser had offered more for appellant's property than the amount subsequently agreed upon by the parties. The purpose of that testimony, counsel argued, was to show a breach of appellee's duty to appellant as appellant's agent for the sale of appellant's property. The trial court would not permit the testimony.

We find no error in the exclusion of the testimony. Counsel had already attempted to elicit from the chief broker for appellee that he had seen the amount of the alleged offer but had failed to represent appellant faithfully by communicating that offer. The attempt was unsuccessful. The witness denied knowledge of the amount allegedly offered, though he admitted he had seen the letter. In the absence of any evidence that the broker knew that the purchaser had authorized a higher offer, counsel's testimony concerning his recollection would be irrelevant to any issue in the case. That being so, we see no error in the trial court's refusal to permit the testimony.

3. Pursuing his contention that the sales contract he executed was invalid, appellant requested jury charges on Code Ann. §§ 4-105, "Agency created, how; . . .," and 20-401, "Obligations which must be in writing." We find no error in the trial court's refusal to give those charges. Under the pleadings and evidence in this case, appellee established its right to a commission independently of the sales contract. *Reid v. Morrison,* 31 Ga. App. 613 (5, 6, 7, 9) (121 SE 860). Therefore, the validity of the contract would not affect appellee's right to a commission and should not have been injected into the case.

4. Appellant's request for a charge on purchase by seller's agent, Code Ann. § 4-204, was also properly refused. There was no evidence whatsoever that the purchase was being made by anyone other than the two people in California who were identified as purchasers. Therefore, the requested charge was not supported by the evidence.

5. Appellant's argument supporting his final enumeration of error is that the trial court erred in giving one of appellee's charges because it was not a correct statement of the law. "This objection was not made to the trial court and will not be considered on appeal." *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 62 (250 SE2d 851).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 4, 1982.

*J. Robert Joiner,* for appellant.
*John M. McCarter,* for appellee.