### 64198. LESTER v. GROVES.

DEEN, Presiding Judge.

The parties to this appeal are sisters. On December 16, 1968, they jointly purchased a piece of property located on Highway 42 in Clayton County from their mother, Clara Bush. They gave her a note which stated that they promised to pay Clara Bush $10,000 "less $3,818.87 due I.D.S. Mortgage Corp . . . in monthly installments of $50.00 ($25.00 to be paid by Evelyn B. Eakins [Lester] and $25.00 to be paid by Barbara Groves) each, on the 15th day of January, 1969, until the said principal sum has been fully paid." The note did not contain a provision for interest or acceleration. On December 31, 1970, Evelyn Lester signed a note in favor of her mother for $18,000

(payable at $100 a month and not carrying any interest) to purchase a piece of property on Glenn Drive in Forest Park. Mrs. Bush transferred both notes to Barbara Groves on May 24, 1977. Barbara Groves brought suit against her sister for failure to make certain payments on the notes. The case was tried before a judge and the court found that Evelyn Lester owed her sister $2,690 on the $18,000 note and $1,190 on the $10,000 note. It also found that an $8,000 check payable to Barbara Groves did not constitute a check with a restrictive endorsement and that it was given by Evelyn Lester to Barbara Groves solely to purchase the plaintiff's interest in the Clayton County property. Evelyn Lester appeals.

1. Appellant first contends that the release of one of the makers of the $10,000 promissory note was a release of the other debtor under Code Ann. § 20-910 and finding that Mrs. Lester was indebted to her sister in the amount of $1,190 was error.

An examination of the record and transcript reveals that appellant did not assert release as either a defense in her answer to the complaint or at trial. After judgment was entered, she filed a document in the trial court entitled "Objections" in which she asserted the defense for the first time, but the document did not state it was part of a motion for a new trial and there was no ruling made upon her objections. Issues not raised in the court below may not be raised for the first time as they present nothing to this court for decision. *Grant v. State,* 148 Ga. App. 867 (253 SE2d 252) (1979). Even assuming that the issue had been raised, an examination of the note reveals that the court could have found that two separate and distinct obligations were created and the uncontroverted evidence showed that Mrs. Groves had paid her share of the obligation before the note was transferred to her.

As to the amount of the judgment, the evidence showed that Mrs. Lester's mother obtained a judgment in the amount of $1,025 on the $10,000 note in 1974 and that the judgment was paid in December of 1974. A copy of the judgment was not introduced into evidence and there was no testimony as to the period of time the judgment covered. Therefore, we can only presume that the trial court's calculations of the balance outstanding on the note were correct.

2. Appellant urges as error the trial court's finding that the $8,000 check did not constitute a check with a restrictive endorsement. Mrs. Lester sent her sister a check for $8,000 which contained a notation on the lower left corner "All claims regarding purchase of Highway 42 and Glenn Drive property." Mrs. Groves' attorney testified that his client did not consider this amount a satisfactory settlement of her sister's indebtedness and he contacted Mrs. Lester's attorney and notified him that he was striking through

the notation and placing "Purchase price in full of equity of Barbara Groves" on the check. Mrs. Lester's attorney testified that he informed the other attorney he was without authority to approve such a change. The check was paid without protest and Mrs. Groves sent her sister a warranty deed conveying her share of the Glenn Drive property. Mrs. Lester filed the deed on November 8, 1977, paid the $8.00 filing fee, and did not make any complaint about appellee's action prior to trial, which was held on December 2, 1981. She is estopped to complain now.

3. Appellant also claims the trial court erred in finding that the plaintiff was the legal transferee of the two notes and now urges that "love and affection" were insufficient consideration to effect a valid transfer of the notes. This issue was not raised at trial or as a defense in the answer and was contained in the aforementioned "Objections" filed in the trial court which we have held was insufficient to raise the issue in the court below. Even if they had been properly raised, we can see no reason why Mrs. Bush could not transfer these notes as a gift to Mrs. Groves. Appellee does not claim that she is a holder in due course and appellant has not asserted any defenses to the notes. See *Seamans v. Miller,* 142 Ga. App. 147 (235 SE2d 542) (1977). The cases relied upon by appellant (*Brazell v. Hearn,* 33 Ga. App. 490 (127 SE 479) (1924); *Wright v. Polk Gen. Hospital,* 95 Ga. App. 821 (99 SE2d 162) (1957)) are inapposite as they deal with the consideration required when one answers for the debt of another.

4. The trial court did not err in computing the amount owed by Mrs. Lester on the $18,000 note and did not fail to give credit for the sum proved to be paid on it. The court did not err in failing to credit a check for $1,000 dated November 7, 1979, payable to Mrs. Bush as the indebtedness was not created until December 31, 1970. It also did not err in denying credit for two checks for $500 which were payable to Barbara Groves and dated February 13, 1977, and March 27, 1977, because Mrs. Groves held no interest in the obligation until it was transferred to her on May 24, 1977.

5. The enumeration of error contending that the court erred in admitting plaintiff's exhibits 16 and 17 into evidence is not supported by argument or citation to authority and is deemed to be abandoned. Court of Appeals Rule 15 (c) (2).

6. The trial court did not err in admitting plaintiff's exhibit 2 into evidence (a photocopy of the $18,000 note) although appellant claims that she never delivered the note to Mrs. Bush. She claims that the original note was made for her records only and that she sent her sister a copy when she requested one. As Mrs. Lester readily admits that she owed the $18,000 to her mother, she was not harmed by the admission of a copy of the note into evidence. Indeed, she was

benefited as the terms of repayment are shown and it was proof that the admitted indebtedness was not an account payable on demand. "Generally, over a best evidence objection, a photocopy may not be admitted in evidence without accounting for the original [cit.]," (*Layton v. Morrison,* 145 Ga. App. 307 (243 SE2d 697) (1978)), except where there is proof that the copy is identical to the original. Here, the defendant identified the photocopy as the one she sent to her sister, and she claimed that the original had been lost and that the copy was identical to the original. We find no error.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 28, 1982 —
REHEARING DENIED JUNE 16, 1982 — 

*John L. Watson, Jr.,* for appellant.
*Albert B. Wallace,* for appellee.