65556. JOHNSON v. GAMWELL.

DEEN, Presiding Judge.

Demetrius C. Johnson appeals from the grant of a judgment on the pleadings contending that fraud on the part of an attending physician tolls the two year statute of limitations under OCGA § 9-3-71 (Code Ann. § 3-1102) and that the trial court erred in granting appellee's motion for a judgment on the pleadings. *Held:*

Appellant claims he was examined by the defendant on September 4, 1979, for injuries sustained to his pelvic area and that he was treated for such injuries until March 18, 1980, at which time the orthopedic physician advised him that he was unable to explain his continuing problems and suggested that he give things more time to heal. On March 18, 1980, the physician suggested that appellant undergo X-ray examination. The examination revealed a healing fracture which was treated by the appellee as well as a defect in the area of the pubic synthesis that was untreated. Johnson contends that the physician never disclosed any problems with regard to his observations during the course of treatment of the atrophy and lack of tendon reflexes in his lower left extremity and that the physician's explanation of the pain suffered by Johnson was to question his motivation to get well. Johnson states that he was unaware of the misdiagnosis until he consulted another physician on March 18, 1980. Suit was filed against the appellee on March 1, 1982.

OCGA § 9-3-71 (Code Ann. § 3-1102) requires an action for medical malpractice to be brought within two years from the date on which the wrongful act or omission occurred. This limitation applies to malpractice actions founded upon either tort or contract theories of liability. *St. Joseph's Hospital v. Mattair,* 239 Ga. 674 (238 SE2d 366) (1977). OCGA § 9-3-70 (Code Ann. § 3-1101) defines a malpractice action as "any claim for damages resulting from the death or injury to any person arising out of (a) health, medical, dental or surgical (1) service, (2) diagnosis, (3) prescription, (4) treatment, or (5) care rendered by a person authorized by law to perform such services . . ."

If a defendant physician is guilty of fraud, the two-year statute of limitations under OCGA § 9-3-71 (Code Ann § 3-1102) is tolled until discovery of the fraud. "In cases involving a relation of trust and confidence, such as a physician and patient, silence on the part of the physician when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. *Brown v. Brown,* 209 Ga. 620, 621 (6) (75 SE2d 13) (1953). Such a fraud, which would have the effect of tolling the statute of limitations, is a proper question for a jury to decide. *Brown v. Brown,* supra at 622; *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163 (240 SE2d 888) (1977)." *Leagan v. Levine,* 158 Ga. App. 293 (279 SE2d 741) (1981). See also *Sutlive v. Hackney,* 164 Ga. App. 740 (297 SE2d 515) (1982). The question of the patient's exercise of ordinary care in discovering his injury is also for jury determination. *Leagan v. Levine,* supra.

The only allegation of fraud in appellant's amended complaint is that his condition was misdiagnosed on September 4, 1979, and that the physician continued to treat him until March 18, 1980, when he

ordered X-rays. Such an allegation is insufficient to raise an issue of fraud, as misdiagnosis only raises an issue of negligence under OCGA § 9-3-70 (a) (2) (Code Ann. § 3-1101). As there are no other negligent acts or omissions alleged after September 4, 1979, the complaint was filed six months after the statute of limitations ran. OCGA § 9-3-71 (Code Ann. § 3-1102) provides that "an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." See also *Allrid v. Emory Hospital,* 249 Ga. 35, 38 (285 SE2d 521) (1982).

Accordingly, we find that the trial court did not err in granting the defendant a judgment on the pleadings.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 14, 1983.

*Franklin N. Biggins, Lisa D. Cooper,* for appellant.
*Hunter S. Allen, Jr., Simuel F. Doster, Jr.,* for appellee.