65181. HAMILTON v. MITCHELL.

Sognier, Judge.

Mayme E. Hamilton brought suit against Dr. Otis G. Mitchell for medical malpractice. She appeals from summary judgment granted in Dr. Mitchell's favor on the ground that the action was barred by the applicable statute of limitation.

Mrs. Hamilton contended by deposition and affidavit that Dr. Mitchell as her personal obstetrician and gynecologist had examined her twice annually from 1974 until April 5, 1978. On each occasion she stated that she had complained of a lump, swelling and increasing tenderness in her left breast, as she was fearful of the presence of carcinoma because of her family medical history. Dr. Mitchell attested that he had no recollection or written record of seeing or feeling any lump at any time prior to April 5, 1978. On that visit a

lump was detected in Mrs. Hamilton's left breast and she was scheduled for a mammogram, which was performed on April 11, 1978. On April 17, 1978 Mrs. Hamilton telephoned Dr. Mitchell to ascertain the results of the mammogram and he referred her to Dr. Frank Gomez for the purpose of performing a biopsy and possible surgery. Dr. Gomez examined Mrs. Hamilton that same day and informed her of the possibility of a malignant tumor, and explained that if the biopsy was positive a radical mastectomy should be performed. On April 28, 1978 Mrs. Hamilton executed the consent documents necessary for the surgery and on May 3, after the biopsy showed an infiltrating carcinoma of the left breast, a radical mastectomy was performed. This suit alleging negligent diagnosis was filed against Dr. Mitchell on April 29, 1980. Dr. Mitchell's response raised the defense that the claim was barred by the statute of limitation, and Mrs. Hamilton subsequently amended her complaint to allege that the statute was tolled as a result of Dr. Mitchell's fraud.

It is undisputed that no medical treatment or communication took place between the parties after April 5, 1978, other than Dr. Mitchell's referral of Mrs. Hamilton to Dr. Gomez by telephone on April 17, when Mrs. Hamilton was apprised that she had a lump which might be cancerous and necessitate the removal of her left breast. Thus, absent any allegations of fraud, Mrs. Hamilton's suit filed on April 29, 1980 would have been barred on its face, since the last alleged negligent act on the part of Dr. Mitchell in failing to discover the lump would have been immediately prior to the April 5, 1978 examination. OCGA § 9-3-71 (former Code Ann. § 3-1102); *Allrid v. Emory Univ.*, 249 Ga. 35 (285 SE2d 521) (1982). In order to toll the statute of limitation it was necessary for Mrs. Hamilton to present evidence raising an issue of fraud or misrepresentation on the part of Dr. Mitchell. *Montgomery v. Ritchey*, 151 Ga. App. 66 (258 SE2d 733) (1979); *Leagan v. Levin*, 158 Ga. App. 293 (1) (279 SE2d 741) (1981).

In her affidavit in opposition to Dr. Mitchell's motion for summary judgment, Mrs. Hamilton averred that Dr. Mitchell had known of the lump in her left breast as early as July of 1974. She did not contend that he knew it was a malignant tumor. Assuming that his failure to advise his patient to have further tests or to seek a cancer specialist prior to April 5, 1978 constituted a fraud which would toll the statute of limitation pursuant to OCGA § 9-3-96 (former Code Ann. § 3-807), as of April 17, 1978 Mrs. Hamilton knew all these facts and was under the care of another doctor. OCGA § 9-3-96 (former Code Ann. § 3-807) provides: "If the defendant . . . [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an

action, the period of limitation shall run only from the time of the plaintiff's *discovery of the fraud.*" (Emphasis supplied.)

The evidence does not show that Mrs. Hamilton was prevented from learning the true facts after April 17, 1978 by any fraud on the part of Dr. Mitchell, even if his alleged fraud deterred her up until that date. Since her malpractice action was not filed until April 29, 1980, more than two years later, the trial court correctly held that the instant suit was barred by OCGA § 9-3-71 (former Code Ann. § 3-1102), and granted summary judgment in favor of Dr. Mitchell.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1983 —
REHEARING DENIED MARCH 10, 1983 — 

*Albert B. Wallace, William R. L. Latson, Carl A. Adcock, Edward J. P. Walsh,* for appellant.

*William H. Duckworth, Jr., M. Van Stephens II,* for appellee.