66376. WADE v. THOMASVILLE ORTHOPEDIC CLINIC, INC.

DEEN, Presiding Judge.

In October and November of 1977 appellant Wade was treated at the Archbold Memorial Hospital, Thomasville, Georgia, by physicians practicing as the Thomasville Orthopedic Clinic (TOC), for injuries received when she was attacked by a sow. The compound fracture of one leg required the use of traction and a body cast, and during the entire 54-day hospitalization period there was a "Foley" catheter inserted in appellant's urethra. There was testimony that the use of a Foley catheter over so long a period of time almost invariably produces infection in the urinary tract. Hospital records show that a urinary tract infection was observed some eight days prior to her November 30, 1977, discharge, and that an antibiotic, Furodantin, was prescribed by Dr. Payne of TOC. The laboratory test results placed in evidence show that the particular disease organisms present in Mrs. Wade's urine were resistant to this antibiotic. The test results were entered in the patient's hospital record seven days before the Furodantin was prescribed. Appellant asserts that she was not told of the presence of the urinary tract infection at the time of her discharge from the hospital and that the catheter was infrequently changed or irrigated.

When appellant returned to TOC the following January or February for orthopedic follow-up, she complained of pain in her back but allegedly was assured that this was merely a consequence of her injuries to which she would have to become accustomed. When her cast was removed early in March the fracture was found not to have healed completely, and she was hospitalized for further orthopedic treatment. The history and physical examination made upon admission and signed by Dr. Rogers of TOC indicates that she had hemorrhagic pyuria, or blood in the urine accompanied by pain in the lower abdomen. A regimen of whirlpool baths was prescribed and

commenced on March 11. On March 14 a urologist not associated with TOC was consulted, and after making a diagnosis of kidney infection accompanied by a large kidney stone, he recommended discontinuance of the baths. He performed a nephrectomy and ureterectomy on March 17, and appellant remained in the hospital until May 12, 1978. Her hospital records show "W. Rogers" of TOC as her primary care physician throughout this period of hospitalization. The discharge summary, signed by Dr. Falbaum of TOC, contained the notation, "The patient will be followed as an outpatient in this office."

On March 13, 1980, appellant brought a negligence action against both TOC and the hospital. The latter was subsequently voluntarily dismissed as a party defendant without prejudice. Defendants moved to dismiss or for summary judgment, pleading the statute of limitations, but the motion was overruled. They subsequently moved for partial summary judgment, again pleading the running of the statute and asking by way of a motion *in limine* that appellant be confined to allegations concerning events occurring after March 13, 1978, and these motions were granted. Discovery proceeded, but after the case was called for trial, appellant voluntarily dismissed the suit on April 7, 1982.

Nearly six months later, in September 1982, appellant refiled her complaint. By letter to the Clerk of the Thomas County Superior Court, appellant's counsel requested that copies of the affidavits and depositions filed in the prior suit be transferred to the current case, and the clerk did so but did not certify them. The trial court ruled that this transfer was improper and that the documents could not be considered in the current action. Appellees presented in support of their motion for summary judgment the affidavit of one of the three TOC physicians as to standard of care. The affidavit and deposition of one of Mrs. Wade's experts, a Dr. Perine, and the deposition of a Dr. Woodman were not allowed into evidence, and she called no other expert witnesses. The court granted appellee's motion *in limine* and motion for partial summary judgment regarding the limitation to events occurring after March 13, 1978, and subsequently granted summary judgment as to the entire case.

On appeal Mrs. Wade contends that the trial court erred in admitting in evidence an affidavit of a TOC physician which was filed by appellee in the second action only, alleging that the affidavit was defective in form and therefore legally insufficient to serve as the basis for an award of summary judgment. Her second and third enumerations assign as error the court's granting summary judgment because, she contends, there remained in the case genuine issues of material fact concerning appellee's allegedly fraudulent conduct in

not revealing the existence of the urinary tract infection, and her own reasonable diligence in discovering the problem. Her fourth enumeration contends that the trial court erred in excluding from consideration the affidavit and depositions of her expert witnesses. *Held:*

1. Appellant assigns as error the trial court's admitting into evidence the deposition of Dr. Payne of TOC. She alleges that the affidavit does not meet the requirement of OCGA § 9-11-56 (e) (Code Ann. § 81A-156), which requires in pertinent part that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

This court cannot consider this enumeration. Nowhere in the record is there any evidence that appellant objected to this affidavit at the trial level; to the contrary, the letter of appellant's counsel requesting the transfer of certain documents from the prior proceeding specifically lists Dr. Payne's affidavit as among the documents to be filed in the action from which this appeal is taken. "Issues not raised in the court below may not be raised [here] for the first time as they present nothing to this court for decision." *Lester v. Groves,* 162 Ga. App. 590, 591 (291 SE2d 785) (1982); *Mynatt v. Tom Washburn & Assocs.-Century 21,* 161 Ga. App. 168 (288 SE2d 122) (1981).

2. The trial court did not err in granting appellee's motion *in limine* and motion for partial summary judgment with respect to the court's limitation of appellant to allegations concerning acts of omissions on the part of appellee occurring on or after March 14, 1978. The relevant statute of limitations, OCGA § 9-3-71 (Code Ann. § 3-1102), requires that an action for medical negligence or malpractice "shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." See *Allrid v. Emory Univ. Hosp.,* 249 Ga. 35 (285 SE2d 521) (1982). A malpractice action is defined in OCGA § 9-3-70 (Code Ann. § 3-1101) as "any claim for damages resulting from . . . injury . . . arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service . . ." If fraud by which a patient is deterred from bringing a timely action under § 9-3-71 (Code Ann. § 3-1102) is involved, however, the two-year limitation is tolled until discovery of the fraud. OCGA § 9-3-96 (Code Ann. § 3-807). Fraud sufficient to toll the statute must be actual rather than constructive, *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980), except when there exists a confidential relationship between the parties, such as that between physician and patient. *Sutlive v. Hackney,* 164 Ga. App. 740, 742 (297 SE2d 515) (1982); *Brown Radiology Assocs. v. Gowers,* 157

Ga. App. 770, 773 (278 SE2d 653) (1981). "Where persons sustain toward [another] a relation of trust and confidence, their silence when they ought to speak . . . is as much a fraud in law as an actual affirmative false representation." *Morris v. Johnstone,* 172 Ga. 598 (158 SE 308) (1931); *Brown v. Brown,* 209 Ga. 620 (75 SE2d 13) (1953); *Johnson v. Gamwell,* 165 Ga. App. 425, 426 (301 SE2d 492) (1983). The question of the existence of such fraud, and the related question of the patient's exercise of diligence in discovering the injury and the fraudulent concealment, are ordinarily for jury determination. *Johnson v. Gamwell,* supra; *Leagan v. Levine,* 158 Ga. App. 293 (279 SE2d 741) (1981).

In the instant case, appellee's contentions to the contrary notwithstanding, there clearly existed between the parties at all relevant times a confidential physician-patient relationship which would trigger the duty on appellee's part to inform the patient of her condition. Failure to fulfill this duty would constitute fraud, which would operate to toll the statute of limitations. The only indication in this case that appellee engaged in fraud-inducing silence is the patient's bare allegation that appellee did not inform her, either during her initial hospital stay or at any other time prior to March 14, 1978, that she had a urinary tract infection. This allegation, which of course is denied by appellee, is unsupported by the record. In fact, the sole piece of evidence touching on this point is the November 29, 1977, notation in appellant's hospital record that Furodantin was prescribed (and presumably was dispensed) for her urinary tract infection. This evidence would tend to support appellee's position rather than that of appellant. The fact that the drug prescribed was actually inappropriate for treating that particular patient would go to the issue of negligence rather than of fraud. Appellant's unsupported and disputed allegation that appellee failed to tell her that she had the infection would be insufficient to raise the issue of fraud and to require the case to go to a jury. *Johnson v. Gamwell,* supra. "If a defendant moves for summary judgment asserting that the applicable period of limitations has elapsed, his motion should not be denied for the reason that there might possibly be facts which would toll the Statute of Limitations." Carroll v. Pittsburgh Steel Co., 103 FSupp. 788, 790 (W. D. Pa. 1952); cited in *Houston v. Doe,* 136 Ga. App. 583, 585 (222 SE2d 131) (1975); see also *Johnson v. Gamwell,* supra.

If facts do exist which would toll the statute of limitations, the appellant has the burden of setting forth and supporting these facts, Carroll v. Pittsburgh Steel, supra. Appellant here did not meet this burden, and it would be inappropriate under the facts of this case to toll the statute. The trial court was authorized in this fact situation to

conclude as a matter of law that, under the "reasonable person" standard, appellant's 1978 kidney problems culminating in the March 14 nephrectomy/ureterectomy should have put her on notice as to the possible occurrence of negligence during her initial hospitalization, and to conclude further that she slept on her rights too long before deciding to take legal action. This being so, neither appellant's enumeration of fraud (No. 2) nor that concerning diligence (No. 3) is meritorious, and the trial court acted properly in granting appellee's motion *in limine* and that for partial summary judgment with reference to events occurring before March 14, 1978.

3. Although appellant enumerates as the trial court's fourth error the exclusion from consideration of her expert witnesses' affidavit and depositions, the sole reference to this enumeration in her brief is the single sentence, "Appellant's Argument and Citation of Authority pertaining to Enumeration of Error Four will be submitted by means of a supplemental brief." Some three weeks after the brief was filed in this court, appellant filed a supplemental brief containing argument and citation of authority in support of the fourth enumeration. Under Court of Appeals Rule 15 (c) (2), "Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned." *Lester v. Groves,* supra; *Cotton v. State,* 161 Ga. App. 734 (289 SE2d 547) (1982).

It is true that Court of Appeals Rule 12 permits the filing of supplemental briefs. This rule will not operate to save appellant's enumeration, however. "The purpose of Supplemental Briefs, Rule 12, is to permit counsel to augment, when necessary, argument or citation of authority which accompanied the case in a timely fashion. The rule does not exist to allow the revival of issues deemed abandoned under Rule 15 (c) (2)." *Jackson v. State,* 155 Ga. App. 386, 388 (271 SE2d 32) (1980); cited in *McCormick v. State,* 163 Ga. App. 267 (293 SE2d 35) (1982). It is the practice of this court to construe liberally the rules governing the filing of appeals. Had counsel included in his initial brief even a skeletal argument and minimal citations in support of his fourth enumeration, he would have been in a position to avail himself of the provisions of Rule 12. Since he did not do so, the enumeration is deemed abandoned and cannot be considered by this court.

The court notes, however, that even were we to find that the exclusion of the expert witnesses' testimony was error, appellant's case would not necessarily have been prejudiced thereby. Our scrutiny of those documents, together with the remainder of the record, discloses that none of them affirmatively avers that the treatment rendered Mrs. Wade by appellee TOC fell below the

appropriate standard of care, or attributes her medical problems to any negligence on the part of TOC. Although Dr. Perine stated in his affidavit of February 24, 1981, that the whirlpool baths "aggravated and inflamed the infected left kidney causing its surgical removal," the testimony given by deposition on March 9, 1981, is far less positive. There he states only that in his opinion the baths "could have allowed" the incursion of additional bacteria but that any aggravation could equally well have come from another source and, moreover, that it was unlikely that the baths could have caused the kidney stone to form.

To the extent that Dr. Woodman's deposition deals with events occurring on and after March 14, 1978, there is no allegation that the treatment rendered by TOC fell below the standard of care observed by similarly qualified physicians in like circumstances. These averments, even if viewed cumulatively, would be insufficient to raise a genuine issue of material fact pertaining to the period on and after March 14, 1978, which we held in Division 2, supra, to be the only period concerning which appellant had a cause of action under the statute of limitations. The trial court therefore did not err in awarding summary judgment, and this enumeration, even if not abandoned, would not warrant reversal of the judgment below.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED JULY 1, 1983.

*Thomas J. Morse, Edward J. Walsh,* for appellant.
*William U. Norwood III,* for appellee.