### 69614. BICKNELL v. JOYCE SPORTSWEAR COMPANY.
(328 SE2d 564)

SOGNIER, Judge.

Joyce Sportswear Co. brought this action on an open account for women's clothing against Larry and Brenda Bicknell, each individually and d/b/a Gwen's Sample Shop. The trial court directed a verdict in favor of Brenda Bicknell and the jury rendered a verdict against Larry Bicknell. Larry Bicknell appeals.

1. Appellant contends the trial court erred by denying his motions for directed verdict and for judgment n.o.v. because the evidence was insufficient to support the jury's verdict finding that appellant had accepted the goods. At trial there was testimony from appellee's credit manager that goods had been delivered to appellant, that there was no record of rejection or nonacceptance of those goods, and that a balance remained due on appellant's account. Appellee's evidence also included invoices for the goods and two letters from appellant to appellee requesting that appellee release appellant from his debt. On appeal we must construe the evidence to uphold the jury's verdict and the sole question for our determination is whether there is any evidence to authorize the verdict. *Reed v. Williams*, 160 Ga. App. 254, 255 (1) (287 SE2d 47) (1981). Under the evidence presented, the jury was warranted in finding that appellant had accepted the goods and was liable to appellee in the amount of the verdict.

2. Appellant contends the trial court erred by denying his motions for directed verdict and for judgment n.o.v. on the ground that appellee did not comply with the Statute of Frauds. However, both appellant and appellee were merchants (OCGA § 11-2-104) and the invoices for the goods constituted written confirmation of their agreement within the meaning of OCGA § 11-2-201 (2). *Dalesso v. Reliable-Triple Cee of North Jersey*, 167 Ga. App. 372, 373 (1) (306 SE2d 415) (1983). Moreover, appellant's acceptance of delivered goods takes the agreement between the parties outside the Statute of Frauds due to partial performance of the contract. "A contract which does not satisfy the [formal requirements of the Statute of Frauds] but which

is valid in other respects is enforceable: . . . (c) With respect to goods for which payment has been made and accepted or which have been received and accepted." OCGA § 11-2-201 (3); *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 506 (2) (308 SE2d 637) (1983). Accordingly, we find no error by the trial court.

3. Appellant's initial brief, filed on the deadline under Rule 14 of this court, contains neither argument nor citation of authority to support his remaining enumerations of error. Accordingly, those enumerations are deemed abandoned. Rule 15 (c) (2) of the Rules of The Court of Appeals of Georgia; *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278, 282 (3) (306 SE2d 366) (1983). Appellant's "supplemental brief" filed the day after his initial brief "does not resurrect from abandonment enumerations not addressed in the initial brief." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 116 (274 SE2d 34) (1980); *Wade v. Thomasville Orthopedic Clinic*, supra.

*Judgment affirmed. Deen, P. J., and McMurray, P. J, concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 15, 1985.

Larry G. Bicknell, *pro se.*
*Leslie L. Cohn*, for appellee.