## 69523. SHVED v. DALY et al.

(329 SE2d 536)

CARLEY, Judge.

In this medical malpractice case, summary judgment was granted in favor of appellee-defendants on the ground that appellant's action was barred by the statute of limitation. Appellant appeals.

The evidence of record establishes that a doctor discovered a lump in appellant's right testicle in 1971. The testicle was surgically removed by appellee Dr. Allen, and the lump was determined to be a cancerous tumor. Following the surgery, appellant underwent radiation therapy at appellee DeKalb General Hospital, the majority of which therapy was effectuated by appellee Dr. Daly. This therapy was administered and completed during March and April of 1971. During and after the radiation treatment, appellant experienced various physical problems, including nausea and diarrhea, discoloration and peeling of the skin of the radiated areas of his body, penile swelling, severe itching, anemia, and sterility. Appellant was treated for these disorders, but he nonetheless suffered from recurring maladies. Appellant was told by Dr. Allen and by Dr. Daly that his physical difficulties were the result of radiation, but appellant was allegedly led to believe that his condition was a normal consequence of radiation therapy.

Appellant was last treated or seen by appellee Dr. Allen in April 1974, and he was last treated or seen by appellee Dr. Daly in 1971. Although appellant and Dr. Daly had numerous follow-up communications after the radiation therapy was completed, Dr. Daly had no professional contact with appellant after 1975, if then. In the meantime, however, appellant had consulted several other doctors, commencing as early as 1972. In 1974, appellant decided to seek another opinion concerning his condition, and Dr. Ambrose told him that his problems were the result of radiation. In 1976, Dr. Amerson informed appellant that he was suffering from radiation enteritis, and intestinal surgery was performed on appellant that same year. Even though the doctors who treated appellant informed him that radiation was the cause of his various illnesses, appellant contends that he never suspected that he had received negligent or improper radiation therapy until 1981, when he discussed the matter with yet another

physician, Dr. McCord. Immediately after learning from Dr. McCord that his injuries should not have occurred if the radiation had been administered properly, appellant brought suit against appellees.

The statute of limitation relevant to appellant's action is OCGA § 9-3-71. That statute has been held unconstitutional under certain circumstances where the limitation period expired before a cause of action accrued. See *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983); *Shessel v. Stroup*, 253 Ga. 56 (316 SE2d 155) (1984). No such circumstances are involved in the instant case, since appellant's injuries were first manifested virtually immediately upon the administration of the allegedly negligent treatment. OCGA § 9-3-71 "requires that an action for medical negligence or malpractice 'shall be brought within two years after the date on which the negligent or wrongful act or omission occurred.' [Cit.] . . . If fraud by which a patient is deterred from bringing a timely action under § 9-3-71 (Code Ann. § 3-1102) is involved, however, the two-year limitation is tolled until discovery of the fraud. [Cit.] Fraud sufficient to toll the statute must be actual rather than constructive, [cit.], except when there exists a confidential relationship between the parties, such as that between physician and patient. [Cits.] 'Where persons sustain toward [another] a relation of trust and confidence, their silence when they ought to speak . . . is as much a fraud in law as an actual affirmative false representation.' [Cits.] The question of the existence of such fraud, and the related question of the patient's exercise of diligence in discovering the injury and the fraudulent concealment, are ordinarily for jury determination. [Cits.]" *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278, 280-281 (306 SE2d 366) (1983).

Appellant contends that there is a genuine issue of material fact as to the existence of fraud in the instant case. Appellant asserts that appellees knew that the radiation equipment which was used at DeKalb General Hospital in 1971 was defectively "underpowered," and that appellees concealed or deliberately failed to inform him that his injuries were caused by such defective equipment. However, these assertions are not supported by the record. There is no admissible evidence of record to establish that any known defect existed in the equipment. Nor is there any evidence that appellees were aware of any defects or that there was even any reason to suspect that such defects might exist.

Similarly, there is no evidentiary support for appellant's contentions that appellees knowingly failed to inform him that he had received an excessive amount of radiation because of arithmetic miscalculations and the overlapping of areas which were radiated. While the record does show that arithmetic errors did occur, and that the improper overlapping of radiated areas may have occurred, there is nothing whatsoever to suggest that these mistakes were discovered by

appellees prior to the institution of the instant lawsuit. While this failure may be evidence of negligence, it is not evidence of fraud which would toll the statute of limitation. See *Johnson v. Gamwell*, 165 Ga. App. 425, 427 (301 SE2d 492) (1983).

Appellant's remaining claim of fraudulent concealment is that appellees deliberately led him to believe that his condition was a normal consequence of the radiation therapy necessitated by appellant's testicular cancer, and that they failed to disclose that his injuries were the result of "improper treatment." However, even if appellant's contentions in this regard are correct, appellant's contact with appellees ceased in 1975, at the latest. Both before and after 1975, appellant obtained medical opinions and diagnoses from doctors other than appellees. There is nothing in the record to suggest that appellant was prevented from learning of appellees' alleged negligence or from discovering their alleged fraud after 1975. Since suit against appellees was not brought until 1981, substantially more than two years later, the trial court correctly ruled that the instant action was barred by the statute of limitation. *Wade v. Thomasville Orthopedic Clinic*, supra; *Hamilton v. Mitchell*, 165 Ga. App. 717 (302 SE2d 589) (1983); *Johnson v. Gamwell*, supra. See also *United States v. Kubrick*, 444 U. S. 111 (100 SC 352, 62 LE2d 259) (1979). Compare *Sutlive v. Hackney*, 164 Ga. App. 740 (297 SE2d 515) (1982), wherein the physician's conduct provided a reasonable inference that he knowingly attempted to conceal his negligence and his patient's resulting injury. No evidence or suggestion of any such attempt at concealment is present in the instant case. The cases of *Leagan v. Levine*, 158 Ga. App. 293 (279 SE2d 741) (1981) and *Lorentzson v. Rowell*, 171 Ga. App. 821 (321 SE2d 341) (1984), are also distinguishable. In those cases, unlike the instant case, there was at least some evidence that the defendant physicians failed to disclose or acknowledge that their patients' subsequent physical problems were related to the treatments previously administered.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 27, 1985 — ▮▮▮▮▮▮▮▮

*Charles E. McCranie, Thomas W. Thrash*, for appellant.
*Hunter S. Allen, Jr., Terrance C. Sullivan, Robert G. Tanner, Mark F. Dehler, Simuel F. Doster, Jr., Lawrie E. Demorest*, for appellees.