### 73674. HENDRIX v. SCHRECENGOST.
(358 SE2d 486)

POPE, Judge.

Defendant Hendrix appeals from the trial court's denial of his motion for summary judgment on plaintiff's medical malpractice claim. On June 4, 1979 defendant Hendrix performed an abdominal hysterectomy on plaintiff Schrecengost. During surgery, defendant visually examined the excised tissue and confirmed he had removed the entire uterus and cervix. This conclusion was further confirmed by the written pathology report. After surgery, plaintiff continued to complain of irregular bleeding and was examined by defendant on four occasions between July 17, 1979 and February 20, 1980. On each occasion, defendant found no evidence of cervical tissue. In his opinion, the bleeding originated from the internal surgical scar which had not entirely healed. On three occasions the scar was treated with silver nitrate which afforded the patient temporary relief from her symptoms. Although the symptoms reappeared after her last treatment on February 20, 1980, she did not seek any further medical treatment from defendant at that time. In fact, correspondence from plaintiff to defendant after the February 1980 office visit indicates she had lost faith in the defendant, implied she believed her complications were his fault and indicated if she needed further medical attention she would go elsewhere. Nevertheless, she did not seek a second opinion until August 7, 1981, at which time she was told she still had cervical tissue remaining. On March 23, 1982 she was examined again by defendant and, again, he saw no evidence of cervical tissue. Finally on June 23, 1982 she underwent a second surgical procedure in which cervical tissue the size of a normal cervix was removed. Plaintiff claims her complications and the necessity of the second surgical procedure were caused by defendant's failure to remove the entire cervix in the first procedure.

Plaintiff filed her medical malpractice claim against defendant on June 29, 1983, more than three years after the allegedly negligent sur-

gery was performed by defendant on June 4, 1979. Plaintiff claims the applicable statute of limitation was tolled by defendant's fraudulent failure to inform her that she still had a portion of her cervix present. We reverse the trial court's denial of defendant's motion for summary judgment.

1. The applicable statute of limitation requires plaintiff's claim to be brought within two years after the date on which the negligent act occurred. Ga. L. 1976, p. 1363, § 1 (former Code Ann. § 3-1102); amended Ga. L. 1985, p. 556, § 1 (now OCGA § 9-3-71). However, if the defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 9-3-96. This is the case in medical malpractice suits. *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278 (2) (306 SE2d 366) (1983). The confidential relationship between doctor and patient creates a duty to inform the patient of his or her condition. "Failure to fulfill this duty would constitute fraud, which would operate to toll the statute of [limitation]." Id. at 281.

Plaintiff claims she was deterred from learning the truth of her condition by defendant's knowing failure to inform her that she had undergone an incomplete hysterectomy. However, she has failed to show any inference that defendant knew the cervix or any part of it remained. At best, plaintiff has shown defendant failed to detect the remaining tissue. "While this failure may be evidence of negligence, it is not evidence of fraud which would toll the statute of limitation." *Shved v. Daly*, 174 Ga. App. 209, 211 (329 SE2d 536) (1985). A patient must present evidence of a known failure to reveal negligence in order to show fraud. See *Bray v. Dixon*, 176 Ga. App. 895 (338 SE2d 872) (1985). Plaintiff presented no evidence the tissue was visible and discernible at anytime before she sought a second opinion some two years after the surgery. In fact, plaintiff's own expert witness testified the tissue he observed on August 7, 1981 grew and regenerated itself over time and would have been much smaller in mass when defendant examined her seventeen months earlier. Defendant denied ever observing cervical tissue in his several post-operative examinations of the plaintiff. His assumption that all tissue had been removed was supported by an independent pathology report. "In the case at bar, there is absolutely nothing from which we can make any inference that [the defendant doctor] had any knowledge of improper conduct on his part or that he tried to cover up such conduct in any way." *Gillis v. Palmer*, 178 Ga. App. 608, 610 (344 SE2d 446) (1986). In the *Gillis* case, the fact that the doctor had assured the patient "there was no problem" drew a dissenting opinion over whether sufficient evidence existed to show the patient had been deterred from seeking medical treatment. In the case sub judice, no such factual issue exists.

In fact, defendant repeatedly informed plaintiff her symptoms arose from complications in the healing process after surgery. A mere misdiagnosis "is insufficient to raise an issue of fraud. . . ." *Johnson v. Gamwell*, 165 Ga. App. 425, 427 (301 SE2d 492) (1983).

"If facts do exist which would toll the statute of [limitation, plaintiff] has the burden of setting forth and supporting these facts, [cit.]" *Wade v. Thomasville Orthopedic Clinic*, supra at 281. We find the defendant has pierced plaintiff's mere allegation of fraud and is entitled to summary judgment.

2. Even if evidence of fraud exists, the statute of limitation is not tolled when the plaintiff knew all facts necessary to show malpractice before the running of the period of limitation. See *Hamilton v. Mitchell*, 165 Ga. App. 717 (302 SE2d 589) (1983). In this case, the repeated recurrence of symptoms of medical complications prior to the running of the statute of limitation should have put plaintiff on notice of possible negligent medical treatment or misdiagnosis of the condition. In fact, plaintiff expressed her dissatisfaction with the medical treatment she received from defendant in a letter to the defendant just eight months after surgery. The statute of limitation is not tolled where "[t]here is nothing in the record to suggest that [plaintiff] was prevented from learning of [the doctor's] alleged negligence. . . ." *Shved v. Daly*, supra at 211.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*Hunter S. Allen, Jr., William L. Ballard, Dennis A. Elisco*, for appellant.

*L. Prentice Eager III, John W. Henderson, Jr.*, for appellee.