A89A0904. COOPER v. COMMERCIAL UNION INSURANCE COMPANY.
(386 SE2d 551)

McMurray, Presiding Judge.

James Cooper (plaintiff) filed an action for breach of contract against Commercial Union Insurance Company ("Commercial Union") one day prior to the expiration of the six-year statute of limitation. Commercial Union was served and notified of the action eight months after the filing of the complaint. Commercial Union answered and simultaneously filed a motion to dismiss based on the expiration of the statute of limitation. Plaintiff filed responses, unsupported by affidavit or other evidentiary material, and argued that Commercial Union "is estopped from complaining about belated service, since belated service, if any, was caused by the actions or omissions of [Commercial Union in providing] the Secretary of State [with an] incorrect [address] as to its registered office."

A hearing was conducted on Commercial Union's motion and Commercial Union relied upon the undisputed facts of record showing that it was not served with process until over eight months after expiration of the statute of limitation. Plaintiff offered no evidence in opposition to the motion to dismiss and, when the trial court noted this omission, plaintiff's attorney stated that "[he] had no duty to respond . . ." to Commercial Union's motion to dismiss and argued that it was Commercial Union's burden to present evidence that the statute of limitation had not been tolled. The trial court did not agree and granted Commercial Union's motion to dismiss. This appeal followed. Held:

1. In his first enumeration, plaintiff contends the trial court considered evidence at the hearing on Commercial Union's motion to dismiss and thereby converted the motion to dismiss into a motion for summary judgment. From this perspective, plaintiff argues that he was entitled to an additional 30 days after the hearing to prepare a response to the summary judgment motion. This contention is without merit.

There is nothing in the record to show that Commercial Union's

motion to dismiss was converted into a motion for summary judgment. There was no evidence offered at the hearing on Commercial Union's motion to dismiss. The motion to dismiss was based solely on facts apparent on the face of the pleadings. "When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to dismiss barred claims properly is granted. *Mullins v. Belcher*, [159 Ga. App. 520 (2), 521 (284 SE2d 35)]; *Leggett v. Benton Bros. Drayage &c. Co.*, 138 Ga. App. 761, 768 (227 SE2d 397)." *Bailey v. Kemper Group*, 182 Ga. App. 604, 607 (356 SE2d 695). In the case sub judice, the face of the pleadings reveals that Commercial Union was served with notice of plaintiff's claim over eight months after the statute of limitation had expired. Further, the record shows that plaintiff failed to show, by "amendment or by affidavit," that a tolling of the statute was possible. Consequently, the trial court did not err in granting Commercial Union's motion to dismiss and in refusing plaintiff's request for an additional 30 days to respond to the motion. Plaintiff had more than ample time to respond to Commercial Union's motion to dismiss. The motion to dismiss was filed on July 13, 1988, and the hearing on the motion was conducted on October 28, 1988.

2. Plaintiff's initial brief contains neither argument nor citation of authority to support his remaining enumerations of error. "Accordingly, those enumerations are deemed abandoned. Rule 15 (c) (2) of the Rules of The Court of Appeals of Georgia; *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278, 282 (3) (306 SE2d 366) (1983). [Plaintiff's] 'supplemental brief' . . . 'does not resurrect from abandonment enumerations not addressed in the initial brief.' *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 116 (274 SE2d 34) (1980); *Wade v. Thomasville Orthopedic Clinic*, supra." *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (3) (328 SE2d 564).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Pat D. Dixon, Jr.*, for appellant.
*Bentley, Karesh, Seacrest, Labovitz & Campbell, Jean F. Johnson, Gary L. Seacrest*, for appellee.