A99A2345. LANG et al. v. BECHAM et al.
(530 SE2d 746)

BARNES, Judge.

Sheryl Ann Lang, the wife of the decedent, Lonnie Raymond Lang, appeals the grant of summary judgment to Peach County Sheriff Johnnie V. Becham and his deputy, Lieutenant Kenneth Cameron, in this wrongful death action. Lang was killed when the car he was driving was struck head-on by a car driven by Thomas Tiraboschi, a fleeing felon who was being pursued by Lt. Cameron.

Finding that they were entitled to judgment as a matter of law because of sovereign immunity, official immunity, the application of OCGA § 40-6-6 (d) (2), and general negligence principles, the trial court granted summary judgment to Sheriff Becham and Lt. Cameron. Lang now appeals. Because we find that Lang presented evidence from which a jury could infer that Lt. Cameron recklessly disregarded proper law enforcement procedures in his decision to continue pursuing Tiraboschi, the trial court erred in granting summary judgment to Lt. Cameron pursuant to OCGA § 40-6-6 (d) (2).

We cannot address, however, Lang's claims against Sheriff Becham. Although Lang's enumeration of error alleged that "[t]he trial court erred in granting summary judgment in favor of Lt. Kenny Cameron and Johnny Becham," she presented no specific argument, cited no authority, and made no reference to the transcript or record to support this enumeration as it concerns Becham. Therefore, any error regarding the grant of summary judgment to Becham is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Bicknell v. Joyce Sportswear Co.,* 173 Ga. App. 897, 898 (3) (328 SE2d 564) (1985). The reference to Becham in Lang's reply brief does not resurrect the issue concerning the grant of summary judgment to Becham which was not addressed in the initial brief. *Cooper v. Commercial Union Ins. Co.,* 192 Ga. App. 815, 816 (2) (386 SE2d 551) (1989); *Bicknell v. Joyce Sportswear Co.,* supra, 173 Ga. App. at 898 (3).

Summary judgment is appropriate where no genuine issue as to any material fact exists and the moving party is entitled to a judg-

ment as a matter of law. OCGA § 9-11-56. To prevail on a motion for summary judgment, a defendant must demonstrate "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's claim." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review a trial court's grant of summary judgment de novo, and we view the evidence in the light most favorable to the nonmovant. *Taylor v. Gelfand*, 233 Ga. App. 835-836 (505 SE2d 222) (1998).

As we recently held:

> OCGA § 40-6-6 (d) (2) expressly pertains to those special circumstances where "a law enforcement officer in a law enforcement vehicle is pursuing a fleeing suspect in another vehicle and the fleeing suspect damages any property or injures or kills any person during the pursuit." In such circumstances, "the law enforcement officer's pursuit shall *not* be the proximate cause *or* a contributing proximate cause of the damage, injury, or death caused by the fleeing suspect *unless the law enforcement officer acted with reckless disregard* for proper law enforcement procedures in the officer's decision to initiate or continue the pursuit. . . ." OCGA § 40-6-6 (d) (2). That is, under amended OCGA § 40-6-6, a finding of proximate cause or contributing proximate cause must be supported by evidence that "the officer acts with reckless disregard for proper law enforcement procedures in initiating or continuing the pursuit and this reckless disregard actually causes the damage, injury, or death." 12 Ga. State U. L. Rev. [295, 298].

(Emphasis in original.) *Pearson v. City of Atlanta*, 231 Ga. App. 96, 97-98 (2) (499 SE2d 89) (1998).

Viewed in this light, the record reveals that on December 4, 1995, Tiraboschi crossed the centerline of the road and drove his car head-on into Lang's car, killing him. Sheriff Becham and Lt. Cameron submitted evidence of the Peach County Sheriff's Department's standard operating procedures ("SOP") on the subject of high speed vehicular pursuits of criminal suspects. Lt. Cameron testified in his deposition about the SOP that applied to the pursuit and the many factors he weighed in determining whether to enter the pursuit and whether to continue it. In response, Lang submitted the affidavit of Bill Myers, an expert on law enforcement with 30 years experience in command, investigative, and administrative responsibilities. In Myers' opinion, "[p]roper law enforcement procedures and regard for the public's safety both required Kenny Cameron to stop the pursuit"

after Tiraboschi entered the two-lane road on which the collision occurred. "Instead, Kenny Cameron acted with the reckless disregard for proper law enforcement procedures (including the policies of the Peach County Sheriff's Department) as well as in reckless disregard for the public's safety."

Lang therefore presented some evidence that Lt. Cameron acted with reckless disregard for proper law enforcement procedures at the time of the incident. Because a genuine issue of material fact exists, the trial court erred in granting summary judgment to Lt. Cameron.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2000 —
RECONSIDERATION DENIED MARCH 27, 2000 —

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant,* for appellants.

*Jones, Cork & Miller, Thomas C. Alexander,* for appellees.