**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 13, 2017**

# In the Court of Appeals of Georgia

A17A1028. MACKEY v. THE STATE.                                    DO-035 C

DOYLE, Judge.

Following a jury trial, Charles Mackey appeals from his conviction of pimping a person under the age of 18,[1] contributing to the delinquency of a minor,[2] and trafficking a person for sexual servitude.[3] He challenges the denial of his motion for new trial on the grounds that the trial court erred by (1) admitting a copy of the victim's birth certificate and social security card, (2) finding the evidence of the victim's age sufficient, and (3) failing to properly rebuke the prosecutor and instruct

---

[1] OCGA § 16-6-11 (1); 16-6-13 (b) (1).

[2] OCGA § 16-12-1 (b) (1).

[3] OCGA § 16-5-46 (c).

the jury after the prosecutor referred to matters not in evidence during closing argument. For the reasons that follow, we affirm.

Construed in favor of the verdict,[4] the evidence shows that an undercover officer with the Criminal Investigation Division of the Chamblee Police Department was sent in plain clothes and an unmarked vehicle to investigate suspected prostitution activity at a particular location. Once at the suspected location, the plain clothes officer soon encountered 16-year-old B. W. and, while sitting in his vehicle, asked her if she was "working." Before she could respond, Mackey approached the officer's vehicle window and interrupted. The officer asked Mackey if B. W. was "his girl," and Mackey said yes. The officer apologized, and Mackey replied, "no, that's cool, she's working."

Mackey then asked the officer how much money he had, and the officer answered that he had between $30-35. Mackey said that was not enough, and the officer needed $40. The officer agreed to $40, and Mackey agreed that the officer could have intercourse with B. W. at that price. The officer invited B. W. into his vehicle, but Mackey said, "[W]e don't do it like that. We do it in rooms only." Realizing that leaving his vehicle might compromise his safety, the officer declined

---

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

2

the encounter, drove away, and called in a nearby police team to arrest B. W. and Mackey.

Mackey and B. W. were taken to the police department, where police found in B. W.'s purse a birth certificate and social security card showing her name and age. Mackey was charged with pimping a person under the age of 18, contributing to the delinquency of a minor, and trafficking of a person for sexual servitude. B. W. was not charged.[5] Mackey was tried before a jury and found guilty as to each count. Mackey moved for a new trial, which motion was denied after a hearing, giving rise to this appeal.

1. Mackey contends that the trial court erred by admitting copies of the birth certificate and social security card found in B. W.'s purse when she was arrested. Mackey argues that they were not authenticated and that admitting the copies violated the best evidence rule. "[A]dmission of evidence is a matter resting within the sound

---

[5] See OCGA § 16-3-6 (b)(1) ("A person shall not be guilty of a sexual crime if the conduct upon which the alleged criminal liability is based was committed by an accused who was . . . [l]ess than 18 years of age at the time of the conduct such person was being trafficked for sexual servitude. . . .").

discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent . . . [an] abuse."[6]

The best evidence rule, codified at OCGA § 24-10-1002,[7] provides: "To prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required." The trial court admitted the documents under a corollary to the best evidence rule, OCGA § 24-10-1003, which provides: "A duplicate shall be admissible to the same extent as an original unless: (1) A genuine question is raised as to the authenticity of the original; or (2) A circumstance exists where it would be unfair to admit the duplicate in lieu of the original."[8] This has been interpreted to mean that "[a] duplicate may be admitted into evidence unless opposing counsel meets the burden of showing that there is a genuine issue as to the

---

[6] (Punctuation omitted.) *Dimauro v. State*, 341 Ga. App. 710, 717 (2) (801 SE2d 558) (2017).

[7] Mackey's trial was after the January 1, 2013 effective date of Georgia's new Evidence Code. See *Olds v. State*, 299 Ga. 65, 69 (2), n. 5 (786 SE2d 65) (2016).

[8] See *United States v. Georgalis*, 631 F.2d 1199, 1205 (IV) (5th Cir. 1980) (addressing Federal Rule of Evidence 1003). See generally *Parker v. State*, 296 Ga. 586, 592 (3) (a) (769 SE2d 329) (2015) ("[W]here the new Georgia [evidence] rules mirror their federal counterparts, it is clear that the General Assembly intended for Georgia courts to look to the federal rules and how federal appellate courts have interpreted those rules for guidance.").

4

authenticity of the unintroduced original, or as to the trustworthiness of the duplicate, or as to the fairness of substituting the duplicate for the original."[9]

Mackey argues that because B. W. denied that she was the person identified in the documents she carried, a genuine question was raised as to the authenticity of the copies tendered by the State. Nevertheless, there was never any issue raised that the copies entered into evidence were not accurate duplicates of the documents found in B. W.'s purse. That B. W. at one time denied being the person identified in the documents does not bear on the admissibility of the copies as an accurate representation of what was found in her purse.

> To properly authenticate a document prior to its admission, a proponent must present sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be. After meeting the prima facie burden, the evidence may be admitted, and the ultimate question of authenticity is then decided by the jury.[10]

The documents introduced by the State were tendered as copies of the documents in the possession of B. W., and they were authenticated as such by the officer who found

---

[9] *Georgalis*, 631 F.2d at 1205 (III).

[10] (Citations and punctuation omitted.) *MKT Reps S.A. DE C.V. v. Standard Chartered Bank Intl. (Americas) Ltd.*, 520 Fed. Appx. 951, 953 (II) (11th Cir. 2013).

them. Based on these circumstances, we discern no abuse of discretion in the trial court's admission of copies of the documents found in B. W.'s possession.[11]

Furthermore, an employee of the youth residence from which B. W. had recently run away verified B. W.'s identity and age according to a photographic "face sheet" maintained by the residential program that formerly housed her. That witness, who was personally familiar with B. W., also verified that B. W.'s name and booking photograph matched that of the 16-year-old juvenile runaway from her residential program.[12] Accordingly, any error in admitting copies of the documents found in B. W.'s purse was harmless, and this enumeration presents no basis for reversal.

2. Mackey argues that there was insufficient evidence to show that B. W. was under the age of 18. For the reasons discussed in Division 1, this enumeration is without merit.

---

[11] See *Lester v. Groves*, 162 Ga. App. 590, 593 (6) (291 SE2d 785) (1982) (decided under former evidence code) ("Generally, over a best evidence objection, a photocopy may not be admitted in evidence without accounting for the original, *except where there is proof that the copy is identical to the original*.") (citation omitted; emphasis supplied).

[12] See generally *Worth v. State*, 183 Ga. App. 68, 72-73 (6) (358 SE2d 251) (1987) ("[T]he best evidence rule . . . does not apply where the existence of a fact is in question rather than the contents of a writing. Although a witness'[s] testimony as to his age may be predicated on what he has been told, he is nevertheless competent to give such evidence which is primary proof.") (citation omitted).

3. Finally, Mackey argues that the trial court erred by not properly rebuking the prosecutor and instructing the jury when the State made the following statement during closing argument, referring to part of Mackey's closing argument and his request for a lesser-included charge on pimping for an adult: "To be clear, the defendant had the presumption of innocence. As he stands here today, at the very basis [sic], he has by his own admission through his attorney said, 'I'm a pimp.'" At that point, Mackey objected on the grounds that the State was mischaracterizing the evidence and commenting on his right to remain silent. After an unrecorded bench conference, the trial court instructed the jury "that, once again, that anything counsel says is not evidence, but merely argument, and you should base your decision on the evidence." At that point, the State resumed its argument without comment or objection by Mackey.

OCGA § 17-8-75 provides:

Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

Based on this Code section, Mackey argues that the trial court had a duty to interpose and prevent the State from referring to his request for a lesser-included charge on pimping for an adult as an admission of guilt to pimping. But as outlined above, Mackey did not renew his request for admonishment or otherwise challenge the curative instruction given by the court as inadequate. "[I]t is well established that if the trial court's curative instructions are not sufficient, defendant should seek additional relief."[13] "As a result, any issue concerning the propriety of the prosecutor's comments has been waived. If [defense counsel believed that] the trial court's curative action in sustaining the objection was insufficient, defense counsel should have sought additional relief."[14] Accordingly, this enumeration presents no basis for reversal.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[13] (Punctuation omitted.) *Samuels v. State*, 335 Ga. App. 819, 825 (2) (783 SE2d 344) (2016).

[14] (Punctuation omitted.) *Walley v. State*, 298 Ga. App. 483, 485 (2) (680 SE2d 550) (2009). Compare *Jones v. State*, 292 Ga. 656, 661 (2) (740 SE2d 590) (2013) (finding error because defense counsel "responded that [the generic] instruction [given by the trial court] was insufficient and specifically requested an instruction that the jury disregard the" improper statement made by the prosecutor).