76298. CANNON et al. v. SMITH.
76299. CANNON et al. v. STEFANIS.
(370 SE2d 529)

POPE, Judge.
Plaintiffs Billy and Nancy Cannon, husband and wife, brought medical malpractice claims against defendants Norman J. Smith, M.D., and George Stefanis, M.D. The record shows these two sur-

geons joined as a team to perform surgery on Mr. Cannon's lumbar spine. The procedure, known as posterior lumbar interbody fusion, involves the removal of a diseased vertebral disc and the implantation of bone fragments from a donor site in the disc space between two vertebrae. The surgery was performed on August 26, 1983. Within weeks of the surgery, Mr. Cannon complained to Dr. Smith of pain in his back radiating down his right leg. In the fourteen months following surgery, Mr. Cannon complained of multiple abnormal symptoms including seizures and hallucinations. Mr. Cannon was hospitalized for these latter symptoms in January 1984 and was treated by both Drs. Smith and Stefanis. During the January hospitalization Dr. Smith ordered a CT scan of the lumbar spine which showed a slight impingement of the boney fragment implants into the neuro-foramen. On deposition Dr. Smith testified it was his opinion the findings of this CT scan were not significant and the slight impingement of boney fragments was not the cause of the patient's symptoms. The record shows Dr. Stefanis never reviewed the CT scan ordered by Dr. Smith. Neither doctor informed Mr. Cannon of the impingement reflected in the CT scan.

After release from the hospital in January 1984, Mr. Cannon sought no further treatment from Dr. Stefanis but continued to see Dr. Smith with continued complaints of back pain and right leg pain. On October 3, 1984 Dr. Smith informed plaintiffs the procedure had failed and would have to be repeated because the implanted boney fragments had failed to fuse properly. Upon seeking a second opinion from another doctor, plaintiffs claim they were informed on November 21, 1984 that Mr. Cannon's back pain and right leg pain were caused by the impingement of the bone implants onto a nerve. Plaintiffs filed suit against Dr. Smith on November 5, 1986 and against Dr. Stefanis on November 13, 1986. Defendants were granted summary judgment on the ground that the applicable statute of limitation had expired. The lower court found factual issues exist concerning whether plaintiffs were debarred or deterred from discovering defendants' alleged negligence prior to October 3, 1984. However, the lower court found no factual issues exist which would toll the statute of limitation after October 3, 1984, when Dr. Smith informed plaintiff the operation had failed. On appeal, plaintiffs argue the statute of limitation was tolled by defendants' fraudulent failure to inform them of the impingement of bone into the neuro-foramen which they knew or should have known when the CT scan was taken in January 1984. Plaintiffs urge the statute of limitation would not begin to run until they discovered the allegedly concealed fact on November 21, 1984.

## Case No. 76299

Plaintiffs' claims are based upon the allegation that Mr. Cannon's pain was caused by the impingement of boney fragments onto a nerve. Plaintiffs' argument that the statute of limitation was tolled is based upon the allegation that Dr. Stefanis fraudulently concealed this fact from them. However, the undisputed facts contained in the record show that Dr. Stefanis never reviewed the CT scan reflecting the boney impingement and did not know that such an impingement existed until the lawsuit was filed. "One of the elements of fraud is that defendant know that the representation is false. [Cits.] There is nothing in the record to reflect that [defendant] knew at any time that the treatment or opinion given by him was in error, nor is there any evidence that [defendant] fraudulently withheld such information from the patient." *Edmonds v. Bates*, 178 Ga. App. 69, 71-72 (342 SE2d 476) (1986). See also *Hendrix v. Schrecengost*, 183 Ga. App. 201 (1) (358 SE2d 486) (1987). Plaintiffs argue Dr. Stefanis was negligent in failing to review the CT scan ordered by another doctor for a patient whom he admitted to the hospital. At best, plaintiffs' allegations might establish negligence but not fraud. Absent a showing of fraud, a medical malpractice claim must be brought within two years from the date of the negligent act or omission. OCGA § 9-3-71 (a). Summary judgment was properly granted to Dr. Stefanis because the complaint was filed more than two years after the last date on which Dr. Stefanis treated the patient.

## Case No. 76298

Dr. Smith ordered and reviewed the CT scan in January of 1984 from which plaintiffs allege he knew or should have known that a complication from the surgery was the cause of Mr. Cannon's pain. Plaintiffs claim Dr. Smith had a duty to inform them of the findings reflected in the CT scan and that his failure to inform them amounted to fraudulent failure to reveal negligence which tolled the statute of limitation. Even if Dr. Smith's failure to inform plaintiffs of the findings reflected in the CT scan amounted to fraudulent concealment of facts and not merely a misdiagnosis, we nevertheless find plaintiffs' complaint is barred by the statute of limitation.

The statute of limitation is tolled only if defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action. . . ." OCGA § 9-3-96. Plaintiffs claim they were deterred from learning the true facts concerning Mr. Cannon's spine by Dr. Smith's silence about the impingement of boney fragments into the neuro-foramen. They claim it was only after Dr. Smith informed them the bone implants had failed to fuse that they consulted

another doctor who informed them the pain was caused by yet a different complication — the impingement of fragments into the neuroforamen. However, the record shows plaintiffs expressed their concern over Dr. Smith's inability to ease Mr. Cannon's pain and sought a second opinion from Dr. Whitesides at Emory University as early as August 1984. Plaintiffs admit Dr. Whitesides informed them Mr. Cannon's back was "messed up." Once plaintiffs sought the diagnosis or care of another doctor who informed them of the existence of medical problems, they were no longer deterred from learning the true facts. See *Hamilton v. Mitchell*, 165 Ga. App. 717 (302 SE2d 589) (1983).

We find no merit in plaintiffs' allegation that Dr. Smith negligently or fraudulently failed to forward medical records so that Dr. Whitesides could offer a more thorough diagnosis. The record shows the appointment with Dr. Whitesides was arranged on behalf of plaintiffs by the therapist assigned to Mr. Cannon by his employer's workers' compensation insurer. The therapist gathered medical records for Dr. Whitesides' review and accompanied plaintiffs to their appointment with him. Dr. Whitesides reported to Dr. Smith by letter that he would be able to make a final diagnosis only after he reviewed additional medical records which were to be sent to him by the workers' compensation therapist. Dr. Smith's denial that he received any request for medical records is undisputed. Plaintiffs may not hold Dr. Smith liable for their failure to follow up with a doctor who informed them Mr. Cannon's back was "messed up."

Moreover, even if an issue of fact exists as to whether plaintiffs were deterred from discovering the true facts after seeking a second opinion, defendant himself informed plaintiffs that the surgery had been unsuccessful during their office visit on October 3, 1984. On that date, Dr. Smith informed plaintiffs the bone implant had failed to fuse, thereby permitting movement between the two vertebrae. Plaintiffs maintain the statute of limitation would not begin to run until they were informed of the additional complication that the implanted bone fragments had shifted position and were impinging into the neuro-foramen and pinching a nerve. However, once a defendant doctor discloses the existence of medical complications, even if defendant has misdiagnosed those complications, plaintiff is no longer deterred from learning the true facts. See *Hendrix v. Schrecengost*, supra at (2). No issue of fact remains concerning fraudulent concealment of facts sufficient to deter the plaintiffs from bringing an action against Dr. Smith after they sought a second opinion or, at the very latest, once Dr. Smith informed plaintiffs of the medical complication from the surgical procedure. Over two years had expired from either of these two dates before the complaint was filed, and therefore plaintiffs' complaint is barred by the statute of limitation.

*Judgments affirmed. McMurray, P. J., and Benham, J., concur.*

438

J. Vincent Cook, for appellants.
C. Ashley Royal, for appellee (case no. 76299).
Joseph H. Chambless, Emitte H. Griggs, Mary M. Katz, for appellee (case no. 76298).