A89A2252. SCHMIDT et al. v. PARNES.

(391 SE2d 459)

POPE, Judge.

This case involves a claim for medical (dental) malpractice. In July 1981 plaintiff Linda Schmidt had permanent crowns placed on teeth numbers 15, 18 and 19 by defendant Erwin R. Parnes, D.D.S. Schmidt visited defendant's office several times over the next three years for other routine procedures, such as cleanings and having fillings placed in her teeth. According to his uncontradicted deposition testimony, on July 14, 1984, defendant suggested that the margins be redone on the crowns which had been placed on teeth numbers 15, 18 and 19 but Schmidt indicated she did not want to undergo the procedure at that time. In August 1984 defendant placed a crown on tooth number 31; in November 1985 defendant performed a root canal on that tooth. In December 1986 Schmidt contacted another dentist, presumably because of her dissatisfaction with treatment rendered to her by defendant.

On June 26, 1987, Schmidt and her husband (hereinafter referred to as plaintiffs) filed the present action for medical malpractice and loss of consortium based on their contention that defendant was negligent in furnishing dental treatment to Schmidt. Defendant filed a motion for summary judgment in response to which plaintiffs filed the affidavit of their expert witness who averred that the placement of the crowns on teeth numbers 15, 18 and 19 in 1981 was negligent. Plaintiffs' expert further averred that defendant should have observed and repaired the open margins around these crowns and that Schmidt had suffered gum disease, bone loss and abscesses because of defendant's failure to repair these open margins. On August 30, 1988, the trial court granted defendant's motion for summary judgment finding, inter alia, that the applicable statute of limitation had expired and that the action was barred by the statute of ultimate repose and abrogation. We affirm.

1. "The statute of limitation relevant to this action is OCGA § 9-3-71 as amended July 1, 1985. See *Hunter v. Johnson*, 259 Ga. 21 (376

SE2d 371) (1989). Subsection (a) of that section permits a medical malpractice action to be filed within two years after the resulting death or injury arising from the alleged negligent or wrongful act or omission. Subsection (b) provides, however, that '(n)otwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.' Consequently, [plaintiffs'] action, having been filed more than five years after the alleged negligent act, would be precluded by the statute of repose codified in OCGA § 9-3-71 (b)." *Lasoya v. Sunay*, 193 Ga. App. 814, 815 (389 SE2d 339) (1989).

Plaintiffs argue, however, that the statute of limitation or repose should have been tolled because the negligence here was in the nature of a continuing tort, which, plaintiffs contend, is analogous to the situation which occurs when a patient's injury in a medical malpractice action has been concealed by the fraud of the tortfeasor. See *Hill v. Fordham*, 186 Ga. App. 354, 358 (367 SE2d 128) (1988). However, "the statute of limitation [or repose] is not tolled when the plaintiff knew all facts necessary to show malpractice before the running of the period of limitation [or repose]." *Hendrix v. Schrecengost*, 183 Ga. App. 201, 203 (358 SE2d 486) (1987). In this case defendant's deposition testimony is uncontradicted that he warned Schmidt in June 1984 that there was a problem with the margins around the crowns on teeth numbers 15, 18 and 19 and that she needed to have them redone, but plaintiff declined to have the work performed at that time. "The statute of limitation or repose is not tolled where there is nothing in the record to suggest that plaintiff was prevented from learning of the doctor's alleged negligence. . . . *Shved v. Daly*, [174 Ga. App. 209 (329 SE2d 536) (1985)]. *Hendrix v. Schrecengost*, supra at 203. See also *Cannon v. Smith*, [187 Ga. App. 434, 437 (370 SE2d 529) (1988)]; *Beaver v. Steinichen*, 182 Ga. App. 303 (355 SE2d 698) (1987); *Bray v. Dixon*, 176 Ga. App. 895, 898 (338 SE2d 872) (1985)." (Punctuation omitted.) *Lasoya v. Sunay*, supra at 817. Consequently, the order of the trial court awarding summary judgment to defendant is affirmed.

2. Because of our holding in Division 1, it is unnecessary for us to consider plaintiffs' remaining enumerations of error.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1990.

*Neely & Player, Ronald D. Reemsnyder, David C. Marshall, Mary F. O'Malley*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock,*

*Allen F. Harris*, for appellee.