## A91A1042. PADGETT v. KLAUS.
(411 SE2d 126)

POPE, Judge.

Plaintiff Lisa H. Padgett's left leg was fractured in an automobile collision on November 27, 1983. Defendant Richard M. Klaus, M.D., treated her for that injury from the date of the collision to April 27, 1984. The record shows that immediately upon removal of the cast in early 1984, plaintiff realized her left leg was bowed, causing it to be shorter than the other leg. According to plaintiff, defendant informed her that her condition would improve over time. She claims she did not discover the condition was permanent and would require surgical correction until she was so informed by another physician on December 9, 1987. She filed a medical malpractice complaint against defendant on December 8, 1989, alleging defendant's representations about her condition were fraudulent. The trial court granted summary judgment to defendant on the ground that the applicable period of limitation was not tolled by the alleged fraudulent acts of defendant and therefore the complaint was barred. Plaintiff appeals.

1. "[The statute of limitation] would not begin to run if the de-

fendant physician had assured [plaintiff] that the injuries which had manifested themselves were only slight or only temporary and assured [her she] would eventually be all right, thereby inducing plaintiff to refrain from making any further inquiry into [her] condition." *Stephen W. Brown Radiology Assoc. v. Gowers*, 157 Ga. App. 770, 774 (1) (278 SE2d 653) (1981). The record shows, however, that defendant gave the plaintiff's agent, her attorney in another lawsuit which arose out of the automobile collision in which she sustained the injury defendant treated, a written opinion dated May 1, 1984, stating she had a permanent one-half inch leg length discrepancy which could be corrected only by surgery. The record also shows, as noted above, that her physical symptoms were obvious while she was still under the care and treatment of the defendant and, in fact, she sought a second opinion concerning her condition from another doctor before she was last treated by defendant. According to plaintiff, the second doctor agreed with defendant's diagnosis so that she still did not discover defendant's alleged negligence.

"The statute of limitation is tolled only if defendant is 'guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action. . . .' OCGA § 9-3-96. . . . Once [plaintiff] sought the diagnosis or care of another doctor who informed [her] of the existence of medical problems, [she was] no longer deterred from learning the true facts." *Cannon v. Smith*, 187 Ga. App. 434, 436-437 (370 SE2d 529) (1988). This is true even if the other doctor consulted does not diagnose the medical problem as arising from the defendant's improper treatment. See *Shved v. Daly*, 174 Ga. App. 209 (329 SE2d 536) (1985). The statute of limitation was not tolled by the defendant's alleged fraud in this case because the record contains nothing to suggest plaintiff was prevented from learning of defendant's alleged negligence. See *Lasoya v. Sunay*, 193 Ga. App. 814 (2) (389 SE2d 339) (1989); *Hendrix v. Schrecengost*, 183 Ga. App. 201 (2) (358 SE2d 486) (1987).

During the period defendant treated plaintiff she was a minor. She attained the age of majority on September 4, 1984. Thus, because the limitation period was not tolled by fraud, the two-year period of limitation which commenced running once plaintiff reached majority had expired long before she brought this action and the trial court did not err in granting defendant's motion for summary judgment.

2. The period of limitation in this case was not tolled and expired before the July 1, 1987 effective date of the amendment to OCGA § 9-3-73 (Ga. L. 1987, p. 887, § 2), which defines the period of limitation for medical malpractice actions by minors. Thus, the 1987 amendment to the statute is not applicable to this case. See OCGA § 9-3-73 (g). We need not transfer this case to the Supreme Court to address the trial court's conclusion that the provisions of OCGA § 9-3-73

which limit the applicability of the tolling statutes of Article 5 of Chapter 3, Title 9 of the Code of Georgia to medical malpractice actions are unconstitutional. First, the statute is inapplicable to the case and therefore that portion of the trial court's order is merely dicta; second, plaintiff did not raise the issue below.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 3, 1991.

*James C. Carr, Jr.*, for appellant.

*Downey, Cleveland, Parker & Williams, J. Calhoun Harris, Jr., Russell B. Davis*, for appellee.