## Long v. Kim

*John J. Fonash,* for plaintiff.
*Mark E. Scott,* for defendant.

CORSO, *J.,* December 30, 1997—

### BACKGROUND

On June 2, 1995, plaintiffs, Stephanie Long and Andre Long, filed a complaint against defendants, John Kim and Hyung Ho Kim, to recover for personal injuries allegedly caused by the defendants' negligence in an automobile accident which occurred on June 20, 1993.

On June 11, 1997, "defendants' motion for summary judgment" was filed, alleging that plaintiffs do not have a cause of action because they were insured with a limited tort option insurance policy under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq.

Following oral argument before the undersigned on November 12, 1997, the court granted the motion and dismissed plaintiffs' complaint with prejudice. The plaintiffs filed a timely notice of appeal, thus necessitating this opinion.

The court did not order a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

## FACTS

On June 20, 1993, a vehicle owned by defendant Hyung Ho Kim and operated by defendant John Kim, struck the rear of an automobile operated by John Cook. The Cook vehicle was pushed forward into plaintiffs' vehicle, allegedly injuring plaintiff Stephanie Long.[1] She was transported to Suburban General Hospital due to complaints of stiffness in her neck and back. X-rays showed no abnormalities, and plaintiff was released. She went to work the next morning, and did not miss any time from work due to the accident.[2] She did not seek any additional medical attention until August 10, 1993,[3] when she saw Morton Silverman M.D. at the Plymouth Plaza Rehabilitation Center. She continued

---

1. Plaintiff, Andre Long, and their 2-year-old son were also in the vehicle at the time of the accident, but the complaint alleges only a loss of consortium claim for Andre Long. The child was not injured.

2. Oral deposition Stephanie Long, January 4, 1996, p. 24.

3. Oral deposition of Stephanie Long, January 4, 1996, p. 30.

to see him for approximately nine months. Dr. Silverman prescribed exercises and provided massage therapy to plaintiff. He did not prescribe any medication for her.

In her deposition, plaintiff testified that her only work restriction as a bank teller is that she cannot lift the coins without someone assisting her. She testified that her back "bothers her off and on." The only impact upon her home life is difficulty in making the waterbed,[4] and occasional back pain.

Plaintiff has not seen any doctor for injuries sustained in this accident since March of 1994.[5]

### *The Court Properly Granted the Defendant's Motion for Summary Judgment*

The standard for consideration of a motion for summary judgment was stated by the Supreme Court in *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991), as follows:

"Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 202-204, 412 A.2d 466, 468-69 (1979). The record must be viewed in the light most favorable to the non-

4. Oral deposition of Stephanie Long, January 4, 1996, pp. 44-45.
5. Oral deposition of Stephanie Long, January 4, 1996, p. 36.

moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Davis v. Pennzoil Co.,* 438 Pa. 194, 264 A.2d 597 (1970)." *Id.* at 134-35, 589 A.2d at 206. See also, *Goll v. Insurance Co. of North America,* 417 Pa. Super. 46, 52, 611 A.2d 1255, 1259 (1992).

Plaintiff, Stephanie Long, admitted in her deposition that the vehicle in question was covered by the limited tort option in her auto insurance policy. "A limited tort elector has affirmatively agreed, in exchange for a lower premium rate, that any potential tort action for noneconomic damages is precluded where his injuries are not 'serious.' " 75 Pa.C.S. §1705(d). The MVFRL allows a limited tort insured to collect noneconomic damages only when injuries result in "serious impairment of body function." The "serious impairment of body function" threshold questions are twofold:

"(a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"(b) Was the impairment of body function serious? The focus of these inquires is not on the injuries themselves, but on how the injuries affectcd a particular body function. Generally, a medical testimony will be needed to establish the existence, extent, and permanency of the impairment . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Dodson v. Elvey,* 445 Pa. Super. 479, 499, 665 A.2d 1223, 1233-34 (1995), *allocatur granted,* 544 Pa. 608, 674 A.2d 1072 (1996) (citing *DiFranco v. Pickard,* 427 Mich. 32, 39, 398 N.W.2d 896, 901 (1986)). See also, *Chanthavong v. Tran,* 452 Pa. Super. 378, 391-92, 682 A.2d 334, 341 (1996).

"To allow non-serious injury cases to proceed through trial to a jury would frustrate the legislature's goal of reducing litigation and the cost of insurance." *Dodson, supra* at 494, 665 A.2d at 1231. "[P]ermitting the trial court to make the threshold determination of the existence of serious impairment of body function where there is no dispute of fact serves this legislative goal." *Id.* "In the context of summary judgment the court must determine initially (1) whether the plaintiff as moving party has established that he or she has suffered serious impairment of a body function; (2) whether the defense as moving party has established that plaintiff has not suffered serious impairment of a body function; or (3) whether there remains a genuine issue of material fact for the jury to decide." *Id.,* see also, *Curran v. Children's Service Center Inc.,* 396 Pa. Super. 29, 578 A.2d 8 (1990).

In *Dodson,* the Superior Court underscored "that the inquiry does not focus on the injury itself but whether the injury caused serious impairment of body function." *Id.* at 498, 665 A.2d at 1233. "Obviously, the word 'serious' must be understood as 'significant' and 'important,' involving an injury with consequences that are more than just minor, mild or slight." *Id.* at 500, 665 A.2d at 1234.

Plaintiff alleges that the impairment in her back and shoulders rises to the level of "serious impairment of bodily injury." However, the medical evidence submitted fails to establish any ongoing impairment related to this accident. In an independent medical examination of plaintiff by William H. Spellman M.D. on March 13, 1997, Dr. Spellman reported,[6] "Ms. Long states that she now currently doesn't have any complaints

---

6. Medical report of William H. Spellman M.D., March 15, 1997, p. 1.

that she relates to the motor vehicle accident. She states that the last time she had any complaints that she related to the motor vehicle accident was two or three months ago when she was pregnant. . . . a backache between her shoulder blades that lasted for about half an hour."

Plaintiff stated that her massage and exercise treatments, without medication, ceased in March of 1994. She used Tylenol "a couple of times" in the two months after the accident prior to seeing Dr. Silverman. Lifting heavy coins is her only work limitation. At home, the only difficulty has been making the waterbed, and occasional shoulder and back pain. She did not miss any work, and gave birth to a baby girl in early 1997.

Based upon the foregoing, this court finds, as a matter of law, that plaintiff did not suffer a serious impairment of body function and is therefore bound by her decision to choose the limited tort option and the provisions of the MVFRL.

## CONCLUSION

Based upon the foregoing, the court properly granted the defendants' motion for summary judgment which should be affirmed on appeal.